UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               Case No. 17-20259
                                         HON. VICTORIA A. ROBERTS

v.

JAMES LAWRENCE,

        Defendant.

_____/

## ORDER DISMISSING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF No. 77]

### I.    INTRODUCTION

This matter is before the Court on James Lawrence's ("Lawrence") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He asks the Court to reduce his sentence to home confinement because of his risk of severe illness from COVID-19 and the conditions at FCI Elton. He filed his motion *pro se;* the Government responded. Lawrence submitted a supplemental brief through counsel; the Government responded.

Because Lawrence failed to properly exhaust the administrative process with the Bureau of Prisons ("BOP"), the Court **DISMISSES** his Motion without prejudice.

1

## II.     BACKGROUND

Lawrence pled guilty to two counts of a three count indictment: Count 1 - possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(b)(1)(C); and Count 3 - possession of a firearm by a person previously convicted of a felony in violation of 18 U.S.C. § 922(g).

The Court sentenced Lawrence to 60 months on Count 1 and 96 months on Count 3, to be served concurrently. Lawrence has served approximately 47% of his sentence.

## III.    STANDARD OF REVIEW

The Court's authority to grant Lawrence's request for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Generally, the Court may not modify a prison sentence once imposed. 18 U.S.C. § 3582(c). Compassionate Release is an exception to that general rule. Under the compassionate release statute, a court may modify a prison sentence: (i) upon a motion from the BOP; (ii) after the inmate has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf"; or (iii) after "the lapse of 30 days from the receipt of such a request by the warden of the [inmate]'s facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

After determining the administrative process is exhausted, the Court must find extraordinary and compelling reasons warrant a reduction of the inmate's sentence, and that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the factors set forth in § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

## IV. ANALYSIS

### A. Lawrence Failed to Properly Exhaust the BOP's Administrative Process With the BOP

Lawrence is rightfully concerned about his health and the conditions at FCI Elkton. The conditions at FCI Elkton are notorious. *United States v. Bandrow,* 2020 WL 4050242 at *1 (E.D. Mich. Jul. 20, 2020) ("Elkton has been and continues to be ravaged by the COVID-19 pandemic"); *United States v. Brant,* 2020 WL 2850034 at *2 (E.D. Mich. June 2, 2020) ("The situation at FCI Elkton appears dire"); *United States v. Rodriguez,* 2020 WL 1627331 at *9 (E.D. Penn. Apr. 1, 2020) ("[t]he situation at FCI Elkton in particular is alarming").

Lawrence tested positive for COVID-19 and describes classic symptoms: fatigue, shortness of breath, fever, headache, chills, and loss of smell and taste. The Government disputes the severity of Lawrence's illness and says he is asymptomatic.

3

However, the Court cannot analyze whether Lawrence presents "extraordinary and compelling reasons" for compassionate release until he properly exhausts administrative remedies with the BOP.

The Sixth Circuit recently held that this exhaustion requirement is a "mandatory condition." *United States v. Alam,* 960 F.3d 831, 833 (6th Cir. June 2, 2020). The Sixth Circuit found "[t]he seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk." *Id.* at 835-36.

In his *pro se* motion, Lawrence makes no references to a request to the BOP for compassionate release. For this reason, the Government says the Court must dismiss Lawrence's motion because Lawrence failed to exhaust administrative remedies through the BOP.

In his supplemental brief, Lawrence says that he did in fact request compassionate release on April 6, 2020, which the BOP denied on April 21, 2020. The Court reviewed Lawrence's request: it is titled "Compassionate Release" and details a release plan, programs he completed in prison, and requests home confinement. [ECF No. 82-3, PageID.442]. The response is from "Warden" and says Lawrence does not meet the criteria for home confinement under the CARES Act. *Id.*

4

The Government says this is not a request for compassionate release. Instead, it is a request for home confinement. *Compare* 18 U.S.C. § 3624(c) *with* 18 U.S.C. § 3582(c), as amended by the First Step Act. It says the Court should not conflate a request for compassionate release with a request for home confinement.

Although Lawrence titles his request to the BOP as "compassionate release," he specifically asks for home confinement. And he does not mention COVID-19, his symptoms, or any underlying health conditions that may increase his risk for severe illness, or that the BOP would have taken this into account, given Lawrence's failure to mention it.

In *United States v. Asmar,* 2020 WL 3163056 (E.D. Mich. June 5, 2020)*,* Asmar submitted an administrative request that the Warden denied. *Id.* at *3. This request did not mention any of the health conditions Asmar relied on as the basis for his compassionate release motion before the court. *Id.* The court dismissed the motion, holding "[w]here the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because it does not give the BOP an opportunity to act on the request before [the defendant] brings his request to the courts." *Id.* (citing *United States v. Mogavero,* No. 15-00074, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020)).

5

Indeed, the Code of Federal Regulations provides that at a minimum, a request for a motion under 18 U.S.C. § 3582(c)(1)(A) must contain: (1) the extraordinary or compelling circumstances that the inmate believes warrant consideration; and (2) proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment. 28 C.F.R. § 571.61.

Lawrence's request to the BOP did not satisfy these minimal requirements and certainly did not present the "extraordinary and compelling circumstances" his motion now relies on. Because of this, the BOP could not evaluate the request based on Lawrence's COVID diagnosis. Lawrence failed to properly exhaust the administrative process. The Court must dismiss his motion.

## V. CONCLUSION

The Court **DISMISSES** Lawrence's Motion for Compassionate Release without prejudice.

Date: July 27, 2020                    s/ Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge