UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,              Case No. 17-20259
                                           HON. VICTORIA A. ROBERTS

v.

JAMES LAWRENCE,

               Defendant.

_____/

## ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE [ECF No. 92]

### I.    INTRODUCTION

This matter is before the Court on James Lawrence's ("Lawrence") renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He asks the Court to reduce his sentence to home confinement because of his risk of severe illness from COVID-19 and the conditions at FCI Elton. Of note, Lawrence already tested positive for, and recovered from, COVID-19.

Because Lawrence fails to establish extraordinary and compelling reasons warranting release and fails to convince the Court he is not a danger, the Court **DENIES** his Motion.

1

## II.    BACKGROUND

Lawrence pled guilty to two counts of a three count indictment: Count One - possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(b)(1)(C) and Count Three - possession of a firearm by a person previously convicted of a felony in violation of 18 U.S.C. § 922(g).

The Court sentenced Lawrence to sixty months on Count One and ninety-six months on Count Three, to be served concurrently. Lawrence has served approximately 47% of his sentence.

Lawrence is thirty years old. He is obese, with a BMI of 32.3. Lawrence's criminal history began in his youth and includes six previous felony convictions. He has been disciplined three times during this sentence: May 11, 2018 for being insolent to a staff member; May 31, 2018 for refusing to obey an order; and April 18, 2019 for being absent from a work assignment. Lawrence completed his GED, a drug abuse education course, and other educational activities. Under "PATTERN" – a prisoner risk assessment tool used by the BOP – Lawrence presents a "high" risk for recidivism.

Lawrence tested positive for COVID-19 in June 2020 following a mass testing of Elton inmates. He was asymptomatic. Two weeks after the diagnoses, Lawrence was tested again and COVID-19 was "not detected."

Several days later, he also tested negative. Despite two negative tests, Lawrence reports he has problems breathing and alleges that Elkton refuses to test him again for COVID-19.

Lawrence filed a renewed motion for compassionate release on September 1, 2020. The government opposes this request.

### III.  STANDARD OF REVIEW

The Court's authority to grant Lawrence's request for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Generally, the Court may not modify a prison sentence once imposed. 18 U.S.C. § 3582(c). Compassionate release is an exception to that general rule. Under the compassionate release statute, a court may modify a prison sentence: (i) upon a motion from the BOP; (ii) after the inmate has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf"; or (iii) after "the lapse of 30 days from the receipt of such a request by the warden of the [inmate]'s facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

After determining the administrative process is exhausted, the Court must consider whether extraordinary and compelling reasons warrant a reduction of the inmate's sentence, and that the reduction is consistent with

the applicable policy statements issued by the Sentencing Commission and the factors set forth in § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

## IV.   ANALYSIS

### A. Lawrence Exhausted Administrative Remedies

There is no dispute that Lawrence exhausted administrative remedies. Lawrence submitted a request to the BOP for compassionate release on July 29, 2020. Since then, more than thirty days have lapsed and the warden failed to respond.

### B. No Extraordinary and Compelling Reasons Exist

Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when considering a request for compassionate release.  Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP.  USSG § 1B1.13 cmt. n.1; Austin, 2020 WL 2507622, at *1.

Lawrence says extraordinary and compelling reasons exists for home confinement because he: (1) has a BMI over 30, placing him in a category of

4

high risk for severe illness from COVID-19; (2) already contracted COVID-19; (3) is at a greater risk for re-contracting COVID-19 due to the conditions at Elkton; and (4) would have been sentenced under a lower guideline range had the Court imposed his sentence today.

The government acknowledges Lawrence has a BMI over 30 and has tested positive for, and recovered from, COVID-19 and says these factors do not show extraordinary and compelling reasons justifying Lawrence's release.

It is true that the Center for Disease Control ("CDC") identified people with obesity as being at increased risk for severe illness from COVID-19. The Court is not aware of any cases in the district in which a defendant was released solely because of obesity. See, e.g., *United States v. Knight*, No. 15-20283, 2020 WL 3055987 (E.D. Mich. June 9, 2020) (denying compassionate release for severely obese defendant with no other listed conditions).

Although researchers have recently found evidence of a handful of cases of COVID-19 reinfection, the science on reinfection is unclear. *See* Apoorva Mandavilli, *First Documented Coronavirus Reinfection Reported in Hong Kong*, N.Y. Times (Aug. 24, 2020), https://perma.cc/MT6M-SW5F;

*Two more cases of reinfection were reported, this time in Europe, N.Y. Times* (Aug. 26, 2020), https://perma.cc/N3X7-HSHZ.

Current science cannot predict whether Lawrence may be re-infected or how the disease would manifest if he was. Under similar facts, two other courts in this district recently held that "[t]he risk of contracting COVID-19 a second time and potentially developing a more severe response is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *United States v. Bland*, No. 18-20555, 2020 U.S. Dist. LEXIS 135481, at *4 (E.D. Mich. May 28, 2020); *United States v. Buford*, No. 05-80955, 2020 WL 4040705, at *5 (E.D. Mich. July 17, 2020). The information is too speculative to support a finding of extraordinary and compelling reasons.

The Court recognizes the seriousness of the COVID-19 pandemic and its spread within the federal prison. But, compassionate release may only be granted when a defendant demonstrates "extraordinary and compelling reasons" to justify his early release. Lawrence does not put forth compelling evidence that his obesity puts him at such an elevated risk of re-infection to justify home confinement or release.

### C. Lawrence is a Danger to the Safety of the Community

6

Even if Lawrence satisfied the above requirements, he would be ineligible for release under 18 U.S.C. § 3582(c)(1)(A) because he is a danger to the community. Section 1B1.13(2) of the Sentencing Guidelines permits release only if "a defendant is not a danger to the community, as provided in 18 U.S.C. § 3142(g)." Section 3142(g) sets forth the factors the Court must consider to determine whether there are conditions of release that will assure the safety of the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Lawrence's criminal history began when he was a teenager. Lawrence's adult convictions include: attempted carrying a concealed weapon; second degree home invasion; felonious assault; resisting, assaulting and fleeing from a police officer; and attempt to possess with intent to deliver a controlled substance. Post-sentencing, Lawrence violated the terms of his probation on several occasions.

Lawrence's criminal conduct in the case was serious. An FBI Task Force Officer reviewing publicly available Facebook information discovered Lawrence posting photographs depicting images of himself with a firearm.

7

Lawrence also posted various firearms, drugs, and large amounts of money on Instagram. Lawrence boasted about his criminal activity on social media. While it is true Lawrence had no physical contact with anyone, he harmed the public by participating in drug trafficking. His convictions here were for possession with intent to distribute a controlled substance and being a felon in possession of a firearm.

Allowing Lawrence to be released after serving less than half of his sentence would not promote respect for the law, afford adequate deterrence, provide just punishment, or avoid unwarranted sentencing disparities. Lawrence is not an appropriate candidate for the extraordinary remedy of compassionate release.

### D. The 18 U.S.C. § 3553(a) Factors are Inapplicable

Finally, USSG §1B1.13 directs the Court to consider the § 3553(a) factors to the extent they are applicable. Lawrence says these factors support his release because he has: (1) served meaningful and substantial punishment for his crime; (2) had good conduct allowing him to be transferred from a medium-security prison to a low-security prison; and (3) participated in various programming. He says he has a supportive mother whom he would live with and he earned his GED.

Since Lawrence fails to prove there is an extraordinary and compelling reason for his release under 18 U.S.C. § 3582(c)(1)(A) and fails to demonstrate he would not be a danger to the community if released, no § 3553(a) factor is sufficient to warrant Lawrence's release.

## V.   CONCLUSION

The Court **DENIES** Lawrence's renewed motion for compassionate release without prejudice.

Date: October 7, 2020                                 s/ Victoria A. Roberts
                                                      Victoria A. Roberts
                                                      United States District Judge