UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,                                Case No. 17-20259

v.                                         Hon. Victoria A. Roberts

James Lawrence,

    Defendant.

_____/.

**United States' Sur-Reply Opposing Defendant's Motion for Reconsideration or Second Renewed Motion for Compassionate Release**

Pursuant to the Court's directive, the government offers this response to the Court's question about the applicability of *United States v. Havis,* 927 F.3d 382 (6th Cir. 2019) in the compassionate release context, particularly as it impacts Mr. Lawrence and his request for compassionate release.

*Sentencing Facts.* If Lawrence were not a Career Offender, his guidelines would have been 87-108 months (Criminal History Category 4, Offense Level of 27). Lawrence was sentenced to 96 months, squarely within that guideline range. Before arriving at the sentence, the Court found the guideline range that applied was 130-162 months, which the parties agreed with and which was also the GL range Probation found to be applicable. The government recommended 120 months; the Court sentenced Lawrence to 96 months. *See Sentencing Transcript,* 57, Page

1

ID.251-268.

*Government's overall position. Havis* should not be considered an extraordinary and compelling reason for release. To do so would be to swallow sentencing finality whole. If this and similar arguments apply in the compassionate release context (such as 18 U.S.C. Section 924(c) stacking arguments are appropriate and can provide a basis for relief as an extraordinary and compelling reason for release), there would be no need for policymakers or courts to make decisions about retroactivity, nor would we need limitations on collateral review. Why have any procedure other than compassionate release if it allows courts to continuously reexamine sentences and apply any intervening developments in the law?

Some courts have addressed this issue, such as the Tenth Circuit in *United States v. Saldana,* 807 F.App'x 816 (10th Circuit 2020). In *Saldana,* the court of appeals held that "post sentencing developments in the law" should not be considered an extraordinary and compelling reason for release. *Id.* at 820. Calling Section 3582(c) a "jurisdictional statute" which Saldana could not overcome based on the current state of the law, the court found the district court did not err when it did not consider changes in sentencing laws in the compassionate release context. *Id.* Other courts agree.

*Non-exhaustive list of cases with holdings similar to Saldana in which the length of*

*a sentence was not considered as part of a compassionate release decision:*

- *United States v. Gonzalez*, 2020 WL 6200163 (E.D. Cal. Oct. 22, 2020) (Ishii, J.) (§ 401 of the First Step Act, lowering the mandatory minimum for drug offenses, is not retroactive, and therefore cannot be a basis of compassionate release)

- *United States v. Hyppolite*, 2020 WL 6817539 (M.D. Fla. Nov. 20, 2020) (Mizell, J.) (compassionate release not available based on non-retroactive § 401 of the First Step Act)

- *United States v. Jackson*, 2020 WL 7379088, at *2 (S.D. Ga. Dec. 15, 2020) (Hall, C.J.) (the change in law in § 401 is not a permissible basis for compassionate release)

- *United States v. Cisneros*, 2020 WL 3065103 (D. Haw. June 9, 2020) (Mollway, J.) (the court believes it has authority to identify circumstances supporting compassionate release, apart from the guideline, but hesitates to grant relief based solely on the non-retroactive amendment to § 841 under which the defendant would not today receive a life sentence, as then "Congress's decision not to make the First Step Act retroactive would be meaningless"; however, the court may act in the future if there is an additional ground for relief, such as medical risk or evidence of rehabilitation)

- *United States v. Lyman*, 2020 WL 4318754, at *2 (D. Haw. July 27, 2020) (Watson, J.) (compassionate release is not available based on a change in law in the First Step Act)

- *United States v. Manning*, 2020 WL 7244991, at *3 (S.D. Ill. Dec. 9, 2020) (Rosenstengel, C.J.) ("all forms of marijuana remain illegal at the federal level. Thus, the fact that marijuana is now legal in Illinois does not constitute an extraordinary or compelling reason for compassionate release")

- *United States v. Neubert*, 2020 WL 1285624, at *3 (S.D. Ind. Mar. 17, 2020) (Barker, J.) ("a reduction under § 3582(c)(1)(A) is not warranted because the disparity between Mr. Neubert's actual sentence and the one he would receive if he committed his crimes today is not an 'extraordinary and compelling circumstance.' Instead, it is what the plain language of § 403 [of the First Step Act] requires.")

- *United States v. Fuqua*, 2020 WL 5423919, at *3 (S.D. Ind. Sept. 10, 2020) (Magnus-Stinson, J.) (relief is denied based on reduction in First Step Act of § 841(b)(1)(A) mandatory from 20 years to 15 years, as "even if the change to § 841(b)(1)(A) could, in some case, be an extraordinary and compelling reason for a sentence reduction, it is not an

4

extraordinary and compelling reason here. By Mr. Fuqua's own calculations, he has served only about 6 years of his sentence.")

- *United States v. Jackson*, 2020 WL 2812764, at *5 (D. Kan. May 29, 2020) (Lungstrum, J.) (the court disagrees with the 924(c) cases and holds that there is no authority to reduce a sentence based on the non-retroactive amendment to § 841(b)(1); defendant was sentenced to life term that would not be imposed today)

- *United States v. Moreira*, 2020 WL 6939762, at *6 (D. Kan. Nov. 25, 2020) (Vratil, J.) (relief denied based on length of life sentence; "Nothing in the First Step Act suggests that Congress authorized courts to grant relief under the compassionate release provision of Section 3582(c)(1)(A) based on a request that the Court reconsider whether the sentence is too long.")

- *United States v. Tovar*, 2020 WL 3578579, at *4 (D.N.D. July 1, 2020) (Welte, C.J.) (defendant serving life sentence that would not be imposed following § 401 of the First Step Act; relief denied as that would contravene the Congressional intent; "Compassionate release under § 3582(c)(1)(A) is not the proper vehicle for relief from this perhaps draconian sentence; rather, congressional action or executive clemency would be necessary.")

5

- *United States v. Mathis*, 2020 WL 6784136, at *2 (E.D.N.Y. Nov. 18, 2020) (Ross, J.) (under *Brooker*, the court may consider that the defendant received a mandatory sentence that does not comply with *Alleyne*, "[b]ut given that numerous defendants remain incarcerated on sentences that may have been shorter if they had been sentenced after *Alleyne*, I do not find this reason so extraordinary and compelling as to warrant a sentence reduction on its own.")

- *Musa v. United States*, 2020 WL 6873506 (S.D.N.Y. Nov. 23, 2020) (Sullivan, J.) (applying *Brooker*, the court finds that the change in sentencing law in § 841(b) is not enough by itself to warrant relief from a life sentence that would not be required today; "it would be difficult to conclude that the mere existence of a disparity in sentencing is alone extraordinary when Congress itself chose to permit such a disparity to continue"; given the defendant's poor conduct in prison and lack of acceptance of responsibility, there is no other factor supporting relief)

- *United States v. Marrero*, 2020 WL 7079483, at *3 (S.D.N.Y. Dec. 3, 2020) (Castel, J.) ("While a Court should consider 'all possible reasons for compassionate release' advanced by a defendant, *Brooker*, 976 F.3d at 237, failed and recycled legal arguments will rarely tip the scale in favor of granting a section 3582(c)(1) motion. A likelihood or even

6

certainty that the defendant would receive a lower sentence if sentenced today is not, standing alone, an extraordinary and compelling reason for a sentence reduction.")

- *United States v. Ledesma-Cuesta*, 2020 WL 5517467, at *2 (E.D. Pa. Sept. 11, 2020) (Quinones Alejandro, J.) ("The unfairness of a sentence is not a basis for compassionate release.")

- *United States v. Williams*, 2020 WL 5573046 (E.D. Pa. Sept. 17, 2020) (Pratter, J.) (the court states that the policy statement is not binding, but nonetheless holds that a non-retroactive amendment to § 841 and rehabilitation do not permit relief: "The remedy that Mr. Williams seeks is reserved for circumstances peculiar to an individual—his health, his age—and is not designed to challenge the guidelines themselves. The latter would exhume the parole system which Congress specifically abolished. . . . And it would undermine the very function of the federal sentencing regime: to provide certainty and consistency across sentences.")

- *United States v. Saccoccia*, 2020 WL 6153694, at *3 (D.R.I. Oct. 19, 2020) (the court distinguishes *Brooker* and denies relief from 660-year

pre-*Booker* sentence for money laundering, given the defendant's criminal history and role in the offenses)

- *United States v. Muhammad*, 2020 WL 5412484, at *3 (E.D. Tenn. Sept. 9, 2020) (Jordan, J.) (the court will not consider the non-retroactive amendment to § 841)

*Non-exhaustive list of cases where courts considered the length of a sentence in a compassionate release motion but denied relief as a matter of discretion:*

- *United States v. Loggins*, 966 F.3d 891 (8th Cir. 2020) (it is not necessary here to determine whether the guideline policy statement is binding, as the district court permissibly denied a request for relief, that was premised on stacked 924(c) sentences and rehabilitation, in the exercise of its discretion)

- *United States v. Adams*, 2020 WL 6063055, at *7 (D.N.J. Oct. 14, 2020) (the court concludes that stacked 924(c) terms may present a basis for relief, but denies relief here, where the current sentence would be 27 years and the defendant has served only 20 thus far)

- *United States v. Fuller*, 2020 WL 5849442 (S.D.N.Y. Oct. 1, 2020) (Seibel, J.) (even if compassionate release based on stacked 924(c) sentences is allowed, relief is denied here, where the guideline range was

8

life, and the court would have imposed that sentence based on the defendant's numerous violent acts as a gang leader)

- *United States v. Spikes*, 2020 WL 6044614, at *6 (E.D. Pa. Oct. 13, 2020) (relief is not warranted where the defendant never actually received one of the 25-year stacked terms; due to a cooperation motion, he received a total sentence of 204 months that "is well below what he could be eligible for today with the First Step Act in effect.")

- *United States v. Gadson*, 2020 WL 2079100 (D.S.C. Apr. 30, 2020) (Currie, J.) (the court agrees that it may grant compassionate release based on the disparity in stacked 924(c) sentences, in conjunction with other 3553(a) factors, but determines that a reduction is not warranted here due to the extent and violence of the offenses)

- *United States v. Hood*, 2020 WL 5539878, at *11–*12 (S.D. Tex. Sept. 15, 2020) (Rosenthal, C.J.) (after thorough discussion of the state of the legal debate regarding stacked 924(c) sentences, the court denies relief because the defendants still have years to serve if the current version of 924(c) were applied; "The fact that Hood and Arterberry have years left in prison, combined with the divided and evolving legal landscape—which includes almost no input from the appellate courts or from the Commission itself—supports denying their sentence-reduction motions

9

>
> for now, without prejudice. . . . The record presents an ample basis to find that it would be prudent to rule when Hood and Arterberry might benefit from a sentence reduction, and when the applicable law may also be clearer.")

- *United States v. Kettells*, 2020 WL 7260448, at *4 (W.D. Wash. Dec. 10, 2020) (Lasnik, J.) (relief from stacked 924(c) sentences denied because of violent nature of offenses, and disciplinary violations)

*Havis.* In *Havis*, the Sixth Circuit invalidated the Guidelines commentary that defined a controlled substance offense to include conspiracy and attempt to commit such an offense, holding that the Sentencing Commission had overstepped its authority by adding to the guideline text rather than interpreting it. 927 F.3d at 386-87. After invalidating the commentary, the court considered whether a Tennessee conviction for drug delivery qualified as a controlled substance offense. Because the Tennessee statute defined "delivery" to include "attempted transfer" of drugs, the defendant had argued that "it encompassed the mere attempt to sell cocaine," and was thus not a controlled substance offense. *Id.* at 384. Crucially, in *Havis*, the "parties agree[d]" that "attempted delivery of a controlled substance" was the least culpable conduct covered by the statute. *Id.* at 385. The court held that "[t]he Guidelines' definition of 'controlled substance offense' does not include attempt crimes," and, accordingly, that Havis's Tennessee conviction was not a controlled

10

substance offense. *Id.* at 387. This is a very specific holding, which the parties have not briefed in the context of Lawrence's criminal history, specifically the State of Michigan's statute regarding "attempt possession with intent to deliver" a controlled substance, which is one of Lawrence's convictions. Whether or not *Havis* would apply to Lawrence's criminal history has not been argued in detail or on the merits; therefore, considering it as part of a compassionate release motion is inappropriate.

*Havis* did not include a retroactivity provision, nor has there been a statutory response to it. The government contends that Lawrence is mis-using the compassionate release statute to litigate what he views as an unfair, lengthy sentence. The compassionate-release statute does not empower district courts to resolve policy disputes reserved for Congress. *See Mistretta v. United States*, 488 U.S. 361, 363 (1989) (citing *United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 94 (1820) (identifying "the plain principle that the power of punishment is vested in the legislative, not in the judicial department")); *Gore v. United States*, 357 U.S. 386, 393 (1958)) ("severity of punishment . . . [is a] peculiar[] question[] of legislative policy.").

Lawrence cannot use the compassionate-release statute to re-litigate the fairness of his final sentence. *See United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006) ("[I]n the sentencing context, there is simply no such thing as a 'motion to

11

reconsider' an otherwise final sentence."). Allowing defendants to do so would undermine the finality of sentences, a concept "essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989) (explaining that, "[w]ithout finality, the criminal law is deprived of much of its deterrent effect").

*Jones* and *Elias* do not alter the government's position: the Court should deny Lawrence's motion.

    Respectfully submitted,

    MATTHEW SCHNEIDER
    United States Attorney

    s/*Julie A. Beck*
    Julie A. Beck
    Assistant United States
    Attorney 211 W. Fort Street,
    Suite 2001
    Detroit, MI 48226
    (313) 226-9717
    julie.beck@usdoj.gov

Dated: January 13, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.

                                                  s/*Julie A. Beck*
Julie A. Beck
Assistant United States
Attorney 211 W. Fort
Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
julie.beck@usdoj.gov