IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES LAWRENCE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No. 17-cr-20259<br>) Honorable Victoria A. Roberts<br>)<br>)<br>)<br>) |

**<u>Mr. Lawrence's Reply to the Government's Sur-Reply Opposing Mr. Lawrence's Motion to Reconsider, or Alternatively Second Renewed Motion For Compassionate Release and Request for Hearing</u>**

Mr. Lawrence responds to the Government's Sur-Reply as follows:

### I.    The Properly Calculated Guideline Range is 57 to 71 Months Without the Career Offender Enhancement.

The government asserts that the proper guideline range is 87 to 108 months without the Career Offender guidelines. This range is based upon the Government's view that Mr. Lawrence had an offense level of 27 and a Criminal History category of IV at the time he was sentenced. However, the defense maintains that Mr. Lawrence, were he sentenced today, would have a Total Offense Level of 23 and a Criminal History category of III.

| Career Offender GL | Points |
|---|---|
| 2K2.1(a)(1) 26 | 26 |
| §2K2.1(b)(6)(B) | 4 |
|  | 30 |
| §3E1.1 | -3 |
| Total Offense Level | 27 |
| Criminal History | VI (130 to 162) |

| GL without Career Offender Enhancement | Points |
|---|---|
| §2K2.1(a)(3) | 22 |
| §2K2.1(b)(6)(B) | 4 |
|  | 26 |
| §3E1.1 | -3 |
| Total Offense Level | 23 |
| Criminal History | III (57- 71 months) |

The difference in the calculation arises from the base offense levels. Prior to *Havis*, the base offense level applicable to Mr. Lawrence was 26 pursuant to §2K2.1(a)(1). However, after *Havis,* Mr. Lawrence's attempt controlled substance conviction could no longer be scored and the base offense level would decrease to 22 pursuant to

§2K2.1(a)(3).[1] The PSR scored Mr. Lawrence with a Criminal History category of III without the Career Offender enhancement. See PSR at ¶ 97.

The government contends that it is inappropriate to consider whether *Havis* applies to Mr. Lawrence's attempt conviction because it has not been argued in detail on the merits. See Govt Sur-Reply, ECF. 114, Page ID. 1080. However, Mr. Lawrence's attempt controlled substance conviction fits squarely within the holding of *Havis*. Under Michigan law, when a person is prosecuted for attempted controlled substance delivery, that person is prosecuted under both MCL 333.7401 and MCL 750.92. *See, e.g.*, *People v. Crenshaw*, 2012 WL 1192172, at *4 (Mich. Ct. App. Apr. 10, 2012) *People v. Hernandez*, 2004 WL 2239482, at *1 (Mich. Ct. App. Oct. 5, 2004); *People v. Freeman*, 2004 WL 2726028, at *1 (Mich. Ct. App. Nov. 30, 2004); *People v. Mahan*, 2003 WL 1439658, at *1 (Mich. Ct. App. Mar. 20, 2003). Here, Mr. Lawrence was prosecuted by both statutes. See Exhibit A- Order of Conviction and Sentence. Consequently, there is no debate whether his offense is an attempt crime and pursuant to *Havis*, is not subject to the career offender enhancement.

**II. The Drastically Lower Sentence that Mr. Lawrence Likely Would Have Received If He Were Sentenced Today Is an Extraordinary and Compelling Reason to Grant A Reduction.**

---

[1] The Application Note for §2K2.1 states that definition of controlled substance is governed by the Career Offender definition: "Controlled substance offense" has the meaning given that term in §4B1.2(b) and Application Note 1 of the Commentary to §4B1.2 (Definitions of Terms Used in Section 4B1.1).

3

The government cites several cases wherein district courts have declined to reduce lengthy sentences as a result of stacked 924(c) convictions pursuant to the Compassionate Release statute and argues that it is not an appropriate vehicle to correct unduly lengthy sentences. While it is the case that several district courts have declined to do so, it is also the case that several district court judges have granted sentence reductions pursuant to the Compassionate Release statute to right the injustice of stacked 924(c) sentences. *See United States v. Marks*, 455 F. Supp. 3d 17 (W.D.N.Y. 2020); *United States v. Taniguchi*, No. 00-50, 2020 WL 6390061, at *3-5 (S.D. Ohio Nov. 2, 2020); *United States v. Baker*, No. 10-20513, 2020 WL 4696594, at *3 (E.D. Mich. Aug. 13, 2020); *United States v. Haynes*, No. 93-CR-1043, 2020 WL 1941478 (E.D.N.Y. Apr. 22, 2020); *United States v. Decator*, No. CR-95-0202, 2020 WL 1676219 (D. Md. Apr. 6, 2020); *United States v. Chan*, No. 96-cr-00094, 2020 WL 1527895, at *5 (N.D. Cal. Mar. 31, 2020); *United States v. Redd*, No. 97-CR-00006, 2020 WL 1248493 (E.D. Va. Mar. 16, 2020); *United States v. Young*, No. 00-CR-00002, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020); *United States v. O'Bryan*, No. 96-CR-10076, 2020 WL 869475 (D. Kan., Feb. 21, 2020); *United States v. Maumau*, No. 08-758, 2020 WL 806121, at *5 (D. Utah Feb. 18, 2020); *United States v. Urkevich*, No. 03CR37, 2019 WL 6037391 (D. Neb, Nov. 14, 2019).

Courts across the country have granted release under 18 U.S.C. § 3582(c)(1)(A)(i) to individuals originally sentenced to mandatory minimum terms. See, e.g., *United States v. Somerville*, 463 F. Supp. 3d 585, 600-01 (W.D. Pa. 2020); *United States v. Bess*, 455 F.

4

Supp. 3d 53, 67 (W.D.N.Y. 2020); *United States v. Yahoshua Ben-Yhwh*, 453 F. Supp. 3d 1324, 1327 (D. Haw. 2020); *United States v. Rodriguez*, 451 F. Supp. 3d 392, 407 (E.D. Pa. 2020); *United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *6 (N.D. Iowa Jan. 8, 2020).

Critically in this Circuit, the landscape has changed and the district court is free to determine what constitutes extraordinary and compelling. *United States v. Elias*, --- F.3d ---, No. 20-3654, 2021 WL 50169 (6th Cir. Jan. 6, 2021); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). To that end, less than week ago, a district court in the Eastern District of Michigan reduced a sentence pursuant to § 3582(c)(1)(A)(i).

Specifically, in *United States v. McDonel*, Judge Lawson found that a sentence resulting in more than 100 years for a series of stacked 924(c) convictions in combination with the defendant's youth and rehabilitation efforts, constituted extraordinary and compelling circumstances and granted Mr. McDonel's Motion for Compassionate Release. *United States v. McDonel*, No. 07-20189, 2021 WL 120935, at *1 (E.D. Mich. Jan. 13, 2021). Notably, as the government argues in this case, Judge Lawson soundly rejected the government's view that a non-retroactive change to section 924(c) cannot constitute an extraordinary and compelling circumstance.

> The government maintains that the non-retroactive changes to section 924(c) cannot constitute extraordinary and compelling circumstances allowing compassionate release because doing so would defy Congress's intent in choosing not to make section 403 of the First Step Act retroactive.

5

> Congress never defined what constitutes extraordinary and compelling other than that [r]ehabilitation of the defendant alone is insufficient. 28 U.S.C. § 994(t). As noted above, it was the BOP's fumbling its initial charge to bring compassionate release motions in appropriate cases, committed to it exclusively in the Sentencing Reform Act of 1984, see Pub. L. No. 98-473, 98 Stat. 1837 (Oct. 12, 1984), that "spurred Congress to pass the First Step Act. United States v. Maumau, No. 08-758, 2020 WL 806121, at *5 (D. Utah Feb. 18, 2020).
>
> A sense of how those definitions apply in context can be found in the Senate Report that accompanied the Sentencing Reform Act, where Congress indicated that sentence modifications would be appropriate in cases of severe illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the sentencing guidelines for the offense of which the defender was convicted have been later amended to provide a shorter term of imprisonment." S. Rep. No. 98-225, at 55-56 (1984) (emphasis added). That last reason likely would apply with greater force to a legislative reduction of a mandatory, consecutive sentence.

*Id*. at *3. (quotations omitted).

Moreover, the Fourth Circuit in *United States v. McCoy* recently affirmed the district court's decision to grant a reduction in the defendants' sentences. Specifically, the defendants were convicted of robberies and accompanying firearms violations under 18 U.S.C. § 924(c). At the time, sentences under § 924(c) were "stacked," which exposed the defendants to additional mandatory minimums and led to sentences ranging from 35 to 53

6

years of imprisonment. After the defendants' convictions became final, Congress passed the First Step Act and ended sentence "stacking" under § 924(c). Today, the defendants' sentences would be dramatically shorter – in most cases, by 30 years – than the ones they received. *United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020)

### III. Conclusion

For all of the reasons argued, the Court is free to consider the fact that Mr. Lawrence is no longer a career offender as a result of intervening case law and conclude that extraordinary and compelling circumstances in combination with Mr. Lawrence's vulnerable medical condition, his rehabilitation efforts and his location at Elkton warrant release.

Dated: January 18, 2021

        Respectfully submitted,

        /s/ Natasha Webster
        NATASHA WEBSTER
        Federal Community Defender
        613 Abbott Street, Suite 500
        Detroit, MI 48226
        Telephone: (313) 976-5847
        E-mail: Natasha _Webster@fd.org
        Attorney for Mr. Lawrence

## Certificate of Service

I hereby certify that on January 18, 2021 the foregoing was filed electronically with the Clerk of the Court to be served via ECF upon Julie Beck, Assistant United States Attorney.

/s/Natasha Webster
NATASHA WEBSTER
Deputy Defender