IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JAMES LAWRENCE,

      Defendant.

)
)
)
)
)  Case No. 17-cr-20259
)  Honorable Victoria A. Roberts
)
)
)
)

### Supplemental Briefing Regarding the Calculation of Mr. Lawrence's Guideline Range

Mr. Lawrence responds to the Court's Order asking defense counsel to explain the calculation of Mr. Lawrence's sentencing guideline range of 57 to 71 months without the Career Offender enhancement.  Mr. Lawrence pled guilty to (Count 1) Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C.  § 841 and to (Count 3) Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g).[1]  Because Mr. Lawrence had a prior conviction for a crime of violence (2009 felonious assault-see ¶37 of PSR) and a prior conviction for a controlled substance offense (2010 attempt drug distribution –see ¶ 38 of PSR), they were used to calculate his Base Offense Level pursuant

---

[1] The probation department grouped these offenses pursuant to USSG § 3D1.2(c), as Count 1 embodies conduct that is treated as a specific offense characteristic in the guideline applicable to Count 3. See PSR at ¶98.

to §2K2.1(a)(1). Additionally, both convictions triggered the application of the Career Offender guidelines, which increased Mr. Lawrence's Criminal History Category from III to VI. See USSG § 4B1.1(b).

### A. Mr. Lawrence's Base Offense Level Prior to *Havis* Started at Level 26.

As a result of his two predicate convictions, Mr. Lawrence began with a Base Offense Level of 26. Pursuant to § 2K2.1 (a)(1):

> The base offense level is 26 as the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the defendant committed any part of the instant offense subsequent to sustaining **at least two felony convictions for either a crime of violence or a controlled substance offense**. USSG §2K2.1(a)(1).

PSR at ¶23. The Probation Department assessed an additional 4 levels because Mr. Lawrence possessed the firearm in connection with another felony offense—the distribution controlled substance offense to which he pled. USSG §2K2.1(b)(6)(B). See PSR at ¶24. Mr. Lawrence's Base Offense Level increased to 30. However, with the acceptance of responsibility, the Total Offense Level decreased to 27. Additionally, Mr. Lawrence's Criminal History category increased from a Category III to a Category VI as a result of the Career Offender designation. A Total Offense Level of 27 with a Criminal History category of VI yielded a guideline range of 130 to 162 months. See PSR at ¶¶ 97-98.

**B. Mr. Lawrence's Base Offense Level After *Havis* Would Begin at Level 22 As Opposed to Level 26.**

In *United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019) the Sixth Circuit held *en banc* that attempt crimes no longer qualify as controlled substance offenses under the Career Offender definition of the sentencing guidelines.  Although Mr. Lawrence's 2009 felonious assault conviction would still qualify as a crime of violence, his 2010 attempt distribution conviction would no longer count as a controlled substance offense. Because Mr. Lawrence's guidelines at sentencing were based in part upon a conviction that would no longer count today-the 2010 attempt drug distribution conviction, his Base Offense Level would begin at 22 as opposed to 26.  Specifically, §2K2.1(a)(3) states that:

> [i]f the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and **(B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense;**

Mr. Lawrence would continue to receive 4 additional levels pursuant to USSG §2K2.1(b)(6)(B) for possessing the firearm in connection with another offense—the drug distribution case to which he pled guilty.  This would result in a Base Offense Level of 26, however, the Base Offense Level would decrease by 3 levels with acceptance of

responsibility for a Total Offense Level of 23.

    **C.   Because Mr. Lawrence's 2010 Attempt Distribution Conviction No Longer Counts, the Career Offender Guidelines Do Not Apply and His Criminal History Category is No longer a Level VI.**

        Prior to *Havis*, the Career Offender guidelines applied to Mr. Lawrence because of the 2 prior qualifying convictions. The application of the Career Offender guidelines increased Mr. Lawrence's Criminal History category from III to VI. *See* USSG § 4B1.1(b). Post *Havis*, Mr. Lawrence's Criminal History category decreases to III because his 2010 attempt drug distribution conviction no longer counts as a controlled substance offense under the sentencing guidelines. As a result, a Total Offense Level of 23 with a Criminal History Category of III results in a guideline range of 57 to 71 months.

                                        Respectfully submitted,

                                        /s/ Natasha Webster
                                        NATASHA WEBSTER
                                        Federal Community Defender
                                        613 Abbott Street, Suite 500
                                        Detroit, MI 48226
                                        Telephone: (313) 976-5847
                                        E-mail: Natasha _Webster@fd.org
                                        ATTORNEY FOR MR. LAWRENCE

**Certificate of Service**

 I hereby certify that on February 10, 2021 the foregoing was filed electronically with the Clerk of the Court to be served via ECF upon Julie Beck, Assistant United States Attorney.


/s/Natasha Webster
NATASHA WEBSTER
Deputy Defender