UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,                           Case No. 17-20259

v.                                        Hon. Victoria A. Roberts

James Lawrence,

    Defendant.
_____/.

**United States' Response to Court's Request to Calculate Guidelines as Related to Defendant's Motion for Reconsideration or Second Renewed Motion for Compassionate Release**

The government offers this response to the Court's question regarding how the United States Sentencing Guidelines apply to James Lawrence if he is not a Career Offender. ECF No. 118, PageID.1100.

**Lawrence's Guidelines without Career Offender Status: §§ 2K2.1 and 4B1.2**

At first blush, Lawrence's criminal history places him in Category 3, and with an offense level of 27, his guidelines would be 87-108 months. However, the correct computation is based on the controlling guideline here - §2K2.1- and how the counts to which Lawrence pleaded guilty are grouped. USSG § 2K2.1, subsection (a)(1) provides for a base offense level 26 if "(A) the offense involved a (i) semi-automatic firearm that is capable of accepting a large capacity magazine" – which applies in this case – "and (B) the defendant committed any part of the instant offense

1

subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." It is undisputed that Lawrence has a prior felony conviction for a crime of violence and a prior felony conviction for attempt possession with intent to deliver a controlled substance. However, the 2019 *Havis* case addressed whether the definition of a "controlled substance offense" includes an attempt crime and concluded that it does not. *Havis v. United States,* 927 F.3d 382, 387 (6th Cir. 2019).

The *Havis* court reviewed USSG § 4B1.2, which includes the definitions of terms used in § 4B1.1, the Career Offender section of the guidelines. The text of the definitions guideline, § 4B1.2(b), does not include "attempt" as part of the definition of a controlled substance; however, Application Note 1 does include "attempt," as well as aiding and abetting and conspiracy. The *Havis* court determined that the Application Notes are not "additions to" the guidelines; rather, they are "interpretations of" the guidelines. *Id.* at 386. Consequently, the court found that the Application Note "added" an offense not listed in the guideline, and the note is not binding. *Id.* Further, because the text of the guideline definition itself did not include an "attempt" to commit a controlled substance offense, Havis's attempted controlled substance offense did not count as a controlled offense for purposes of the Career Offender determination. *Id.* at 387. If Lawrence were sentenced today, based on *Havis,* he would not be a Career Offender for purposes of § 4B1.2 or § 2K1.2.

Rounding out the analysis is § 2K2.1 Application Note 1, which specifically states that a "controlled substance offense has the meaning given that term in § 4B1.2(b)." As a result, in this case, Lawrence's prior attempted controlled substance offense does not count as a controlled substance offense for purposes of the Career Offender guidelines; neither does it count under § 2K2.1(a)(1).

### USSG § 2K2.1(a)(3) applies

The appropriate guideline to apply in this case is § 2K2.1(a)(3) because Lawrence's offense involved a semi-automatic firearm that is capable of accepting a large capacity magazine, and Lawrence sustained one felony conviction for a crime of violence. This results in a base offense level of 22.

The next applicable guideline is § 2K2.1(b)(6)(B), which demands a 4-level increase because Lawrence used or possessed a firearm in connection with another felony offense, which in this case, was Count 1, possession with intent to deliver a controlled substance. The total offense level thus far is 26, which is reduced by three levels for acceptance of responsibility. An offense level 23 and a criminal history category III results in a guidelines range of 57-71 months.

### *Havis* is not an extraordinary and compelling reason for release; the § 3553(a) factors do not support release

*Havis* should not be considered an extraordinary and compelling reason for release. The sentencing modification statute Lawrence relies on, 18 U.S.C. § 3582(c), is not a general retroactivity provision to be applied when a statute or case

law does not provide for retroactivity. Section 3582(c) does not empower district courts to resolve policy disputes reserved for Congress. *See Mistretta v. United States*, 488 U.S. 361, 363 (1989) (citing *United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 94 (1820) (identifying "the plain principle that the power of punishment is vested in the legislative, not in the judicial department")); *Gore v. United States*, 357 U.S. 386, 393 (1958)) ("severity of punishment . . . [is a] peculiar[] question[] of legislative policy."). Applying § 3582(c) in this case based on *Havis* would undercut finality and stretch the purpose of the statute beyond what Congress intended. And even if the Court finds the *Havis* argument to be an extraordinary and compelling reason in support of a sentencing modification, the Court should rely on its previous holding that the § 3553(a) factors do not support release or modification.

            Respectfully submitted,

            SAIMA S. MOHSIN
            Acting United States Attorney

            s/*Julie A. Beck*
            Julie A. Beck
            Assistant United States
            Attorney 211 W. Fort Street,
            Suite 2001
            Detroit, MI 48226
            (313) 226-9717
            julie.beck@usdoj.gov

Dated: February 24, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.

s/*Julie A. Beck*
Julie A. Beck
Assistant United States
Attorney 211 W. Fort
Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
julie.beck@usdoj.gov