UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                Case No. 17-20259
                                                    Honorable Victoria A. Roberts

JAMES LAWRENCE,

      Defendant.

_____/

## **ORDER GRANTING MOTION FOR SENTENCE REDUCTION (COMPASSIONATE RELEASE) [ECF No. 103]**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons

for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering

the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy

statements issued by the Sentencing Commission**, IT IS ORDERED** that the

motion is:    **GRANTED.**

James Lawrence asks the Court to grant him compassionate release based on

the COVID-19 pandemic and his obesity, among other extraordinary and

compelling circumstances. Specifically, Lawrence argues that if he were sentenced

today, he would no longer qualify as a "career offender" under USSG § 4B1.1. He

proposes living with his mother and seeking training and employment in the

trucking industry.

Lawrence argues that the Court would not consider him a career offender if it sentenced him today. Under *United States v. Havis*, 927 F.3d 382, 386-87 (6th Cir. 2019), the Sixth Circuit held that attempt crimes no longer qualify as controlled substance offenses under the "Career Offender" definition of the sentencing guidelines. See USSG § 4B1.1. Pursuant to *Havis*, If Lawrence was sentenced today, his 2010 Michigan conviction for attempt possession with intent to deliver marijuana would not be considered for the purpose of calculating his base offense level. Without the career offender enhancement, Lawrence's guideline range is 57-71 months, not the 130-162 months that the Court considered at sentencing. The government argues that this non-retroactive change in the law cannot constitute an extraordinary and compelling circumstance. See *States v. Saldana*, 807 F.App'x 816 (10th Cir. 2020); *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006) ("[I]n the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence.").

Although *Havis* does not have a retroactive effect, there is such a disparity between Lawrence's guideline range before and after *Havis* that the Court considers it an extraordinary and compelling circumstance warranting release. In considering compassionate release motions made by the defendants, the Court is no longer bound by the extraordinary and compelling reasons issued in the Sentencing Commission's policy statement. See U.S.S.G. §1B1.13. In *United*

2

*States v. Elias*, 948 F.3d 516, 521 (6th Cir. 2021), the Sixth Circuit held that the district courts have the discretion to define "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry that required the court to "find[]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." Judges have full discretion to define "extraordinary and compelling" without consulting § 1B1.13.).

The Court finds Lawrence's obesity and the fact that his guideline range would be significantly lower today, extraordinary and compelling circumstances warranting release.

The Court also finds that the § 3553(a) factors weigh in favor of Lawrence's release. Lawrence pled guilty to two counts of a three count indictment: Count One - possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(b)(1)(C) and Count Three - possession of a firearm by a person previously convicted of a felony in violation of 18 U.S.C. § 922(g). The Court agrees that the nature and circumstances of Lawrence's offense are serious, and that there is a need for his sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. However, Lawrence has already served 46 months of his sentence — a

substantial punishment that accounts for each of these important factors. If Lawrence were sentenced to a 57 month sentence he would have served 80.7% of his sentence at this point; and would have been eligible for release to home detention October 25, 2020 with a projected release date of April 25, 2021.

Additionally, given Lawrence's "extensive use of prison programming, the only thing left 'to provide the defendant with needed education or vocational training' is to pursue an actual vocation." *Brown*, 2020 WL 2091802, at *10 (citing U.S.C. § 3553(a)(2)(D)). While incarcerated, Lawrence has completed 350 hours of educational courses – covering such issues as drug abuse, stress management, and job counseling.  Lawrence has also earned his GED.

The overarching § 3553 consideration is that in the end, the Court is to impose a sentence that is sufficient but not greater than necessary to accomplish the goals of sentencing.  *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Considering all of the above, the Court finds that the §3553 factors weigh in favor of Lawrence's release.

The Court **GRANTS** Lawrence's motion for compassionate release. See below for further details.

☒ **GRANTED**

☒ The defendant's previously imposed sentence of imprisonment of **96 months** is reduced to **TIME SERVED**. If this sentence is less than the

amount of time the defendant already served, the sentence is reduced to a
time served; or

☒  Time served.

If the defendant's sentence is reduced to time served:

☐  This order is stayed for up to fourteen days, for the
verification of the defendant's residence and/or establishment of a
release plan, to make appropriate travel arrangements, and to ensure
the defendant's safe release. The defendant shall be released as soon
as a residence is verified, a release plan is established, appropriate
travel arrangements are made, and it is safe for the defendant to travel.
There shall be no delay in ensuring travel arrangements are made. If
more than fourteen days are needed to make appropriate travel
arrangements and ensure the defendant's safe release, the parties shall
immediately notify the court and show cause why the stay should be
extended; or

☐  There being a verified residence and an appropriate release
plan in place, this order is stayed for up to fourteen days to make
appropriate travel arrangements and to ensure the defendant's safe
release. The defendant shall be released as soon as appropriate travel

arrangements are made and it is safe for the defendant to travel. There

shall be no delay in ensuring travel arrangements are made. If more

than fourteen days are needed to make appropriate travel

arrangements and ensure the defendant's safe release, then the parties

shall immediately notify the court and show cause why the stay

should be extended.

☒  **The defendant must provide the complete address where the**

**defendant will reside upon release to the probation office in the district where**

**they will be released because it was not included in the motion for sentence**

**reduction.**

☐  Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a

"special term" of ☐  probation or ☐  supervised release of _____ months (not

to exceed the unserved portion of the original term of imprisonment).

☐  The defendant's previously imposed conditions of

supervised release apply to the "special term" of supervision; or

☐  The conditions of the "special term" of supervision are as

follows:

_____

_____

6

_____

_____

☒   **The defendant's previously imposed conditions of supervised release**

**are unchanged. For convenience, the Court lists those conditions below (if the**

**recitation of the conditions below is different in any way from the conditions**

**in the Judgment, the version in the Judgment governs and applies):**

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 36 months on Counts 1 and 3, to be served concurrently. Costs of supervision are waived.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4. ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)

5. ☒   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6. ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7. _____. You must participate in an approved program for domestic violence. (*check if applicable*)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF PROBATION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol, if necessary.

2. The defendant shall enroll and participate in a Cognitive Behavior Therapy program (CBT) as approved by the probation officer, if necessary.

8

3. The defendant shall participate in a program to obtain a General Educational Development certificate (GED) during the term of incarceration. If the defendant does not obtain a GED while incarcerated, the defendant shall work towards obtaining a GED during the term of supervised release.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____

_____

_____

_____

_____

☐ **DEFERRED** pending supplemental briefing and/or a hearing. The court

DIRECTS the United States Attorney to file a response on or

before_____, along with all Bureau of Prisons records

(medical, institutional, administrative) relevant to this motion.

☐ **DENIED** after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

_____

_____

_____

9

_____

_____

_____

☐ **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted

all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30

days lapsed since receipt of the defendant's request by the warden of the

defendant's facility.

     **ORDERED**.

               s/ Victoria A. Roberts
               Victoria A. Roberts
               United States District Judge

Dated:  March 8, 2021