UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMES LAWRENCE,

        Defendant.

Case No. 2:17-cr-20259

Honorable Susan K. DeClercq
United States District Judge

_____/

**ORDER DENYING DEFENDANT'S
MOTION TO CORRECT SENTENCE (ECF No. 148)**

The matter is before the Court on Defendant James Lawrence's "motion to correct a sentence." ECF No. 148. On February 21, 2025, Lawrence was sentenced in this case to a 24-month term of imprisonment for a supervised release violation.[1] ECF No. 142.

At the time of Lawrence's supervised release violation sentence, he was also a named defendant in two other criminal cases in this district, both before the Honorable David M. Lawson: *United States v. Lawrence*, Case No. 2:24-cr-20355 ("*Lawrence II*") and *United States v. Lawrence*, Case No. 2:24-cr-20601 ("*Lawrence III*"). Accordingly, Lawrence's judgment in this case noted that his 24-month term

_____

[1] This sentence was imposed by the Honorable Sean F. Cox, but the case was reassigned in July 2025 to the undersigned.

of imprisonment in this case would run consecutively to any sentences imposed in *Lawrence II* and *Lawrence III*. ECF No. 142 at PageID.1164.

Later in 2025, Lawrence pleaded guilty in both *Lawrence II* and *Lawrence III*. In *Lawrence II*, Lawrence pleaded guilty to one count of conspiracy to commit bank fraud and was sentenced to a 15-month term of imprisonment, to run consecutively to the sentence in this case. *See Lawrence II*, ECF Nos. 122, 129. In *Lawrence III*, Lawrence pleaded guilty to one count of wire fraud and one count of aggravated identity theft and was sentenced to a 54-month term of imprisonment, to run consecutively to the sentence in this case and concurrently to the sentence in *Lawrence II. See Lawrence III*, ECF No. 24. The Bureau of Prisons took the position, however, that the sentences in all three cases should run consecutively, apparently because the judgment in *Lawrence II* did not expressly state that the sentences in that case and *Lawrence III* are to run concurrently. Defendant's present motion was filed in all three cases.

There is no need for a correction in this case because the judgment correctly states that the 24-month term of imprisonment is to run consecutively to the sentences imposed in the other two cases. Moreover, Judge Lawson granted the motion in *Lawrence II* and amended the judgment to clarify that the sentences in that case and *Lawrence III* are to run concurrently. *See Lawrence II*, ECF Nos. 138, 139.

Accordingly, it is **ORDERED** that Lawrence's motion to correct sentence, ECF No. 148, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 15, 2026